| | |
|---|---|
| 1 | John B. Sganga, Jr. (SBN 116,211) |
|   | john.sganga@kmob.com |
| 2 | Steven J. Nataupsky (SBN 155,913) |
|   | steven.nataupsky@kmob.com |
| 3 | Lynda J. Zadra-Symes (SBN 156,511) |
|   | ljs@kmob.com |
| 4 | Joseph S. Cianfrani (SBN 196,186) |
|   | joe.cianfrani@kmob.com |
| 5 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   | 2040 Main Street |
| 6 | Fourteenth Floor |
|   | Irvine, CA 92614 |
| 7 | Phone:      (949) 760-0404 |
|   | Facsimile: (949) 760-9502 |
| 8 | |
|   | Attorneys for Plaintiff/Counterdefendant, |
| 9 | HANSEN BEVERAGE COMPANY |
| 10 | Drew R. Hansen (SBN 218,382) |
|    | Hansen.drew@arentfox.com |
| 11 | Charles P. Rullman (SBN 241,772) |
|    | Rullman.charles@arentfox.com |
| 12 | ARENT FOX LLP |
|    | 555 West Fifth Street, 48th Floor |
| 13 | Los Angeles, CA  90013-1065 |
|    | Phone:  (213) 629-7400 |
| 14 | Facsimile:  (213) 629-7401 |
| 15 | Jed Hansen (*Pro Hac Vice*) |
|    | hansen@tnw.com |
| 16 | Peter De Jonge (*Pro Hac Vice*) |
|    | dejonge@tnw.com |
| 17 | THORPE NORTH & WESTERN |
|    | 8180 South 700 East, Suite 350 |
| 18 | Sandy, Utah 84070 |
|    | Phone:  801-566-6633 |
| 19 | Fax:  801-566-0750 |
| 20 | Mark M. Bettilyon (*Pro Hac Vice*) |
|    | mbettilyon@rqn.com |
| 21 | Samuel C. Straight (*Pro Hac Vice*) |
|    | sstraight@rqn.com |
| 22 | RAY QUINNEY & NEBEKER P.C. |
|    | 36 South State Street, Suite 1400 |
| 23 | Salt Lake City, UT  84111 |
|    | Phone:  (801) 323-3304 |
|    | Facsimile:  (801) 532-7543 |
| 24 | |
|    | Attorneys for Defendant/Counterclaimant, |
| 25 | CYTOSPORT, INC. |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

|   |   |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation, d/b/a MONSTER BEVERAGE COMPANY, | Case No.: CV 09-031 VBF (AGRx) |
|   | Hon. Valerie Baker Fairbank |
| Plaintiff/Counterdefendant, | **STIPULATED PROTECTIVE ORDER** |
| v. |   |
| CYTOSPORT, INC., a California corporation, |   |
| Defendant/Counterclaimant. |   |
| AND RELATED COUNTERCLAIM |   |

Plaintiff/Counterdefendant Hansen Beverage Company ("Hansen") and Defendant/Counterclaimant CytoSport, Inc. ("CytoSport"), recognizing that each may have confidential business, financial, and/or trade secret information relevant to the subject matter of this lawsuit that would otherwise be subject to discovery, have agreed to this Protective Order on the terms set forth below. It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern discovery proceedings in this action,

IT IS HEREBY ORDERED that:

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. If an exhibit, pleading, interrogatory answer, or admission (collectively "discovery response"), document or thing (collectively "document or thing"), or a deposition transcript, other transcript of testimony, or declaration or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3. In connection with an exhibit, pleading, discovery response, document or thing, testimony or other court submission, the legend

"Confidential" or "Confidential-Attorneys Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the Receiving Party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorneys Eyes Only" only when it contains the following highly sensitive information: financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the Producing Party at a competitive disadvantage if the information became known to employees of the Receiving Party or third parties. Any document or thing labeled as "Trade Secrets/Commercially Sensitive" by either party in connection with the Trademark Trial and Appeal Board proceeding *Hansen Beverage Company v. CytoSport, Inc.*, Opposition No. 91175473, shall be subject to this Order and shall be treated as "Confidential-Attorneys Eyes Only" information in this action.

5. All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorneys Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential

Information produced by the other party. For information designated "Confidential-Attorneys Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the Receiving Party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 11-12.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within fourteen (14) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 12 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8. All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that

have been designated "Confidential" or "Confidential-Attorneys Eyes Only," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential" or "Confidential-Attorneys Eyes Only" and shall be filed pursuant to and in compliance with L.R. 79-5.1 and the Judge's rules.  If a filing under seal is requested, a written application and proposed order shall be presented along with the document for filing under seal. The original and Judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. The application shall request that the Court return the underlying document and the sealed application without filing to the extent the Judge denies the application to file under seal.  The party seeking to seal documents must demonstrate for each document or category of documents sufficient grounds to warrant placing the documents under seal.  With respect to dispositive motions, such as motions for summary judgment, the party seeking to seal documents must present compelling reasons to seal the documents.

   9. As used in this Protective Order, "Trial Counsel" refers exclusively to the counsel of record in this litigation and their paralegals, agents, and support staff, or such additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by the parties, such agreement not to be unreasonably withheld.

   10. As used in this Protective Order, "independent experts or consultants" refers exclusively to a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

   11. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available

only to the Court, to Trial Counsel for either party, and to the persons designated below:

    (a) a party, or an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

    (b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporter(s) employed in this action;

    (d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

    (e) witnesses in any deposition or other proceeding of this action;

    (f) any other persons as to whom the parties in writing agree.

12. Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from Hansen or CytoSport during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

    (a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (b) authors and recipients of any material bearing a "Confidential-Attorneys Eyes Only" legend;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

(e) witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past; and

(f) any other persons as to whom the parties in writing agree.

13. All Confidential Information used at a hearing or at trial shall become public absent a separate order from the Court upon written motion and sufficient cause shown. If any party desires at a hearing or at trial to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information. The party seeking to use the Confidential Information must provide the party that produced such Confidential Information sufficient time to request an order from the Court to limit the offer of such Confidential Information. The party seeking to use the Confidential Information stipulates that good cause exists and agrees to assist in any application or motion to preserve the confidentiality of such Confidential Information.

14. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its

employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

15. A Receiving Party who objects to the designation of any discovery response, document, or thing or testimony as "Confidential" or "Confidential-Attorneys Eyes Only" shall state the objection by letter to counsel for the Producing Party. If the objection cannot be resolved within five (5) days following receipt of the objection, the Receiving Party may move the Court to determine whether the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." If the Receiving Party files such a motion, the discovery response, document, or thing or testimony at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order until and unless the Court rules otherwise. If the Receiving Party files such a motion, the Producing Party shall bear the burden of establishing that the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." Nothing herein shall operate as an admission by any Party that any particular discovery response, document, or thing or testimony contains "Confidential" or "Confidential-Attorneys Eyes Only" Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the

1. propriety of the designation of any discovery response, document, or thing or testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time.  Further, a Party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any discovery response, document, or thing or testimony to the Court for any purpose.

16. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys Eyes Only," or by designating it with an incorrect level of confidentiality, the Producing Party may give written notice to the Receiving Party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the Receiving Party shall return said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information.  The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein.  The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that

may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

17.   Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

18.   Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

19.   This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorney's Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

*1*         (a)    whether any particular information is or is not Confidential
*2* Information;

*3*         (b)    whether any particular information is or is not entitled to a
*4* greater or lesser degree of protection than provided hereunder; or

*5*         (c)    whether any particular information is or is not relevant to
*6* any issue in this case; provided that in doing so the party complies with the
*7* foregoing procedures.

*8*     20.    The terms of the Protective Order are applicable to Confidential
*9* Information produced by a non-party, such non-party may designate
*10* Confidential Information produced by it in connection with this litigation, and
*11* that Confidential Information is protected by the remedies and relief provided
*12* by the Protective Order.

*13*     21.    Within thirty (30) days following the conclusion of this litigation,
*14* all information designated as Confidential Information, except such documents
*15* or information which incorporate or are incorporated into attorney work product
*16* (a single copy of which may be retained in counsel's file), shall, upon request,
*17* be returned to the Producing Party, or disposed of pursuant to the instructions of
*18* the Producing Party.

*19*     22.    The restrictions provided for above shall not terminate upon the
*20* conclusion of this lawsuit, but shall continue until further order of this Court.
*21* This Stipulated Protective Order is without prejudice to the right of a party
*22* / / /
*23* / / /
*24* / / /
*25*
*26*
*27*
*28*

-10-

hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

**IT IS SO STIPULATED.**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 15, 2009     By: _____
    John B. Sganga, Jr.
    Steven J. Nataupsky
    Lynda J. Zadra-Symes
    Joseph S. Cianfrani

    Attorneys for Plaintiff/Counterdefendant,
    HANSEN BEVERAGE COMPANY

Dated: July 15, 2009     By: _____
    Drew R. Hansen
    Charles P. Rullman
    ARENT FOX LLP

    Mark M. Bettilyon
    Samuel C. Straight
    RAY QUINNEY & NEBEKER P.C.

    Jed Hansen
    Peter De Jonge
    THORPE NORTH & WESTERN

    Attorneys for Defendant/Counterclaimant,
    CYTOSPORT, INC.

**IT IS SO ORDERED.**

Dated: July 15, 2009     *Alicia G. Rosenberg* (signature)
    _____
    Hon. Alicia G. Rosenberg
    United States District Judge

7177302